**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC. | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 4:09CV00553   SWW |
| | * | LEAD CASE |
| FRANK WHITMORE, ET AL. | * | |
| Defendant | * | |

*consolidated with:*

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC. | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 4:09CV00904 DPM |
| | * | |
| FRANK WHITMORE, ET AL. | * | |
| Defendant | * | |
| | * | |

*and*

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC. | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 4:10CV1987  SWW |
| | * | |
| FRANK WHITMORE, ET AL. | * | |
| Defendants | * | |

## **ORDER**

By order entered February 3, 2011, the Court gave the parties 10 days in which to file any objections to consolidation of this case with related cases. J&J has filed objections, which

the Court has carefully considered. For reasons that follow, the Court will consolidate the related cases and enter a single scheduling order for the consolidated cases.

Plaintiff J & J Sports Productions, Inc. ("J&J") commenced this lawsuit pursuant to the Court's federal question jurisdiction against Frank Whitmore, Patrick Whitmore, Petrice Whitmore, Patti Whitmore, and Jazzi's LLC. J&J alleges that the defendants intercepted and exhibited "*The Battle: Miguel Cotto v. Antonio Margarito, WBA Welterweight Championship Fight Program*," a boxing match that took place on Saturday, July 26, 2008, in violation of 47 U.S.C. §§ 553 and 605. Additionally, J&J brings a supplemental claim for conversion.

After initiating this lawsuit, J&J commenced two additional lawsuits in this Court: *J&J Sports Productions, Inc. v. Petrice Whitmore, et al*, No. 4:09CV00904 DPM and *J&J Sports Productions, Inc. v. Petrice Whitmore, et al*, No. 4:10CV01987 SWW. In the later filed cases, J&J names the same defendants named in this case[1] and makes identical allegations, with the exception that each case involves the interception and exhibition of different boxing matches.

As stated in the order giving notice of the Court's intention to consolidate, the Court finds that J&J's separate actions against the same defendants involve common questions of law and fact such that consolidation would promote efficiency and that proceeding with separate cases will would create the risk of inconsistent rulings. J&J acknowledges that the separate lawsuits at issue involve common questions of law but states that the specific facts of each case are distinct because they involve different broadcasts. Additionally, J&J states that it would suffer prejudice if the cases were consolidated because the discovery deadlines have passed in

---

[1]J&J names an additional defendant, Preston Levell Whitmore, in Case No. 4:10CV01987 SWW.

Case Nos. 4:09CV0553 SWW and 4:09CV0904 DPM, and consolidation may foreclose its right to conduct discovery in Case No. 4:10CV1987.

Defendants have not filed objections to consolidation, but they have filed a motion, in Case No. 4:09CV00553 SWW, requesting a thirty-day extension to respond to J&J's discovery requests. Defendants report that the parties are in agreement that an extension is needed "so the parties can discuss settlement." Docket entry #29.

The Court finds that J&J's separate actions against the defendants should be consolidated and that the defendants' motion for an extension of time to respond to discovery requests should be granted. After consolidation, the Court will enter a single scheduling order, which will include a new trial date and deadlines (including a new discovery deadline) for the consolidated cases.

IT IS THEREFORE ORDERED that, pursuant to Federal Rule of Civil Procedure 42(a), this case, Case No. 4:09CV00553 SWW, and Case Nos. 4:09CV00904 DPM and 4:10CV01987 SWW are hereby CONSOLIDATED and shall continue as a single case under this lead case, Case No. 4:09CV00553 SWW.

IT IS FURTHER ORDERED that the Clerk shall enter this order in each of the consolidated cases, and the parties are advised that all future filings should be made only in the lead case, Case No. 4:09CV00553 SWW.

IT IS FURTHER ORDERED that defendants' unopposed motion (docket entry #29) for an enlargement of time, up to and including March 14, 2011, in which to respond to discovery is GRANTED.

IT IS FURTHER ORDERED that a single scheduling order will be entered in the

consolidated cases, which will include new deadlines for discovery and dispositive motions, and a new trial date.

   IT IS SO ORDERED THIS 24TH   DAY OF FEBRUARY, 2011.

               <u>/s/Susan Webber Wright</u>

               UNITED STATES DISTRICT JUDGE